UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES CUNDIFF, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>STEVENS TANKER DIVISION, LLC,<br><br>DEFENDANT | § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:19-cv-683 |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Charles Cundiff ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Stevens Tanker Division, LLC under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant Stevens Tanker Division, LLC ("Defendant") has violated the FLSA by misclassifying its Dispatchers and Sand Coordinators as exempt from the overtime requirements of the FLSA. Defendant's Dispatchers and Sand Coordinators, including Plaintiff, work more than forty hours per week but are paid no overtime. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Charles Cundiff is an individual residing in Texas. His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A. At all relevant times, Cundiff was an "employee" of Defendant as defined by the FLSA. At all relevant times, Defendant was Cundiff's "employer" as defined by the FLSA.

4. Plaintiffs are Defendant's current and former Dispatchers and Sand Coordinators who were paid a salary and who were not paid overtime wages.

5. Defendant Stevens Tanker Division, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas. Steven Aaron is the agent for service of process, and he can be served at 9757 Military Parkway, Dallas Texas 75227.

6. Defendant was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

9. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant is located in and does business in this Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, computers and safety equipment that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

15. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

16. Defendant provides oil field services to its customers, including transporting liquids to and from oil and gas well sites and providing miscellaneous oil field services such as frack tank rentals, delivery and pick up of frack tanks, winch services, removal of drilling mud and pulling bottoms of water tanks to remove sludge. Defendant employs Dispatchers to ensure its fleet operates safely and efficiently. Defendant also employs Sand Coordinators who are tasked with directing the delivery and offloading of frack sand at the well sites.

17. Named Plaintiff was a Dispatcher from January 12, 2017 through December 24, 2017 and a Sand Coordinator from December 25, 2017 through May 22, 2019. Throughout his employment with Defendant, Named Plaintiff consistently worked more than forty hours per week.

18. Named Plaintiff was paid a salary. Named Plaintiff was not paid any additional compensation for hours worked in excess of forty in a week.

19. The Class Members were also paid a salary and were not paid any additional compensation for hours worked in excess of forty in a week.

20. For all times relevant to this action, the Plaintiffs' primary job duty was not the performance of work directly related to Defendant's management or general business operations, or those of their customers.

21. For all times relevant to this action, the Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

22. The Plaintiffs did not have the authority to hire or fire other employees, and any suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

23. Rather, the daily and weekly activities of the Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

24. Named Plaintiff and Class Members were scheduled to work seven days on, followed by seven days off.  During the period of time they worked, Named Plaintiff and Class Members would consistently work more than 90 hours per week.

25. Although they worked very long hours, Plaintiffs were misclassified, or otherwise treated as exempt under the Fair Labor Standards Act.  Defendant required the Plaintiffs to work the long hours described above, and thus knew that Named Plaintiff and Class Members regularly worked in excess of 40 hours per week.  Nonetheless, Defendant failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

26. Defendant has employed and is employing other individuals as Dispatchers and/or Sand Coordinators who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

27. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another in that they either functioned as Dispatchers, Sand Coordinators, or both. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty in a workweek. Thus, the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week without regard to their individualized circumstances.

29. Defendant has a policy or practice of not paying their Dispatchers and Sand Coordinators overtime wages. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

**All current and former Dispatchers and Sand Coordinators of Defendant who were paid a salary and who were not paid overtime wages.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

b.  For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

d.  For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND VERRETT, P.C.

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**